TERRITORY OF OKLAHOMA, on the relation of CHAS. M. THACKER, County Attorney in and for Greer County, Oklahoma, v. JOHN ALLEN, W. B. PRICE AND B. BRANHAM.

(Filed September 5, 1905.)

BAIL BOND—By Whom Taken. Under the provisions of sec. 633 of our code of criminal procedure, Wilson's Annotated Statutes, 1903, bail is permitted to be taken only by the persons or courts authorized by law to arrest and imprison offenders. Hence the judge of the district court is authorized to take and approve bail in a criminal case.

(Syllabus by the Court.)

*Error from the Probate Court of Greer County; before T. P. Clay, Trial Judge.*

*Chas. M. Thacker, County Attorney,* for plaintiff in error.

*J. L. Carpenter* and *T. M. Robinson,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action commenced in the probate court of Greer county, by the county attorney, in the name of the Territory, and against the defendants in error, upon an instrument purporting to be a bail bond in a criminal action. The bond in this case is identically the same as the bond sued on in the case of *Territory of Oklahoma, ex rel. v. Frank Woodring, et al.* cause No. 1595, decided at this term of the court, except that on the back of the bond in this cause is endorsed: "Approved May 16, 1901, J. H. Burford, Judge."

The question here presented is whether the judge of the district court has, under section 633 code of criminal procedure, Wilson's Annotated Statutes of Oklahoma, 1903, the power to approve an appearance or bail bond in a criminal action. This question must be answered in the affirmative. As stated in *Territory of Oklahoma ex rel. v. Woodring et al., supra,* this authority is vested exclusively in the persons or courts authorized by law to arrest and imprison persons charged with the commission of criminal offense. Under the statutes of this Territory the judge of the district court has the power to imprison persons charged with the commission of a criminal offense, and is also expressly vested by statute with the power of a committing magistrate. Hence, we think that the judge of the district court had the undoubted power to take and approve the bond in controversy, and it follows that the petition in this case stated facts sufficient to constitute a cause of action, and therefore it was error to sustain the demurrer thereto.

The judgment of the probate court is reversed, and the cause remanded, with directions to overrule the demurrer.

All the Justices concurring.